**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHIRLYNN WILLIAMS and NATHAN ) | |
| WILLIAMS, ) | |
| ) | |
|      Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.  CIV-08-0303-F |
| ) | |
| W.C. BRADLEY CO., and ) | |
| CHAR-BROIL, LLC, ) | |
| ) | |
|      Defendants. ) | |

## ORDER

Two motions are before the court:  Plaintiffs' Motion to Remand, filed April 23, 2008 (doc. no. 11), and Defendants' Motion to Amend Notice of Removal, filed May 7, 2008 (doc. no. 12).  Both motions have been fully briefed and are ready for determination.

This action is brought by plaintiff Shirlynn Williams and her husband Nathan T. Williams.  The petition alleges that Shirlynn Williams was burned when, as she tended a charcoal grill fire, flames escaped from an open access door in the grill.  The petition alleges defendants were negligent in the design, manufacture, assembly, and distribution of the charcoal grill in question, and that defendants were negligent because they failed to warn plaintiffs and other consumers that flames could shoot out of the front access door during foreseeable use, causing serious burns.

As reiterated in <u>Martin v. Franklin Capital Corporation</u>, 251 F.3d 1284 (10th Cir. 2001),"[d]efendant's right to remove and plaintiff's right to choose his  forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount,

removal statues are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1289-90, citation omitted. As the parties invoking the federal court's jurisdiction, defendants bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present. *Id.* Absent such a showing, remand is required under 28 U.S.C. § 1447(c).

Title 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different States...." The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995), citation omitted.

In the latter situation, the burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds the jurisdictional amount. *Id.* The requisite amount in controversy must be "affirmatively established" on the face of either the removal petition or the removal notice. Martin, 251 F.3d at 1290, quoting Laughlin, 50 F. 3d at 873. This requires, at a minimum, that the jurisdictional amount be shown to be in controversy by a preponderance of the evidence. *Id.*

As relevant to plaintiffs' damages in this action, the petition alleges that Shirlynn Williams was "seriously burned," that "flames shot out" of the opened access door of the grill, and that the flames "burned [plaintiff's] arms and face and other parts of her body." The petition alleges plaintiffs suffered compensatory damages "in excess of $10,000," and that plaintiffs are also entitled to punitive damages "in excess of $10,000." The petition lists categories of actual damages suffered by the plaintiffs.

The petition seeks compensatory damages for: physical pain and suffering past and future; mental pain and suffering past and future; disfigurement; lost earnings past and future; impairment of earning capacity; and expenses for medical care and treatment. The petition also includes a claim for damages for loss of consortium. The petition's only references to the dollar value of plaintiffs' damages claims, however, are references to claims "in excess of $10,000" for compensatory damages and to a claim "in excess of $10,000" for punitive damages.

In determining whether the jurisdictional amount of more than $75,000 has been shown to be in controversy based on these allegations, the court considers the fact that the petition seeks punitive damages. *See*, Flowers v. EZPAWN Oklahoma, Inc., 307 F.Supp.2d 1191, 1198 (N.D. Okla. 2004) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied"), citing Bell v. Preferred Life Assur. Society, 320 U.S. 238, 240 (1943). It does so, however, recognizing that a claim for punitive damages may be treated with a some skepticism when it comes to determining whether the jurisdictional amount is in controversy.[1] Such skepticism is warranted in order to prevent the mere presence of a punitive damages claim from

---

[1]*See, e.g.*, Huffman v. Saul Holdings Limited Partnership, 194 F.3d 1072, 1077 (10th Cir. 1999) (In context of determining whether removal was timely, court noted the initial pleading sought actual and punitive damages "in excess of $10,000" and stated that defendant "could only guess as to whether the claim exceeded $75,000." The Huffman court then cited Laughlin, and Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 254-55 (5th Cir. 1961), a case the court described as one "stating that 'nebulous mathematical phraseology in the prayer'... [was] too indefinite to support diversity jurisdiction"); Anderson v. State Farm Insurance Companies, 2007 WL 2402153, at *2 (W.D. Okla. 2007) (allegations in bad faith insurance case seeking medical expenses and claiming emotional distress and economic harm, and including claims for punitive damages, insufficient to demonstrate jurisdictional amount in dispute, but court went on to find that jurisdictional amount was in dispute based on broad discovery that "demonstrat[ed] a factual basis for a sizeable award of punitive damages sufficient to meet the jurisdictional threshold").

turning every state law action in which diversity of citizenship is present into an action that is removable to federal court.

Here, the only dollar values assigned to plaintiffs' claims total an indeterminate value of something over $20,000. The petition does not limit recovery to $75,000. Thus, despite the presence of the open ended punitive damages claim, and despite the somewhat detailed allegations regarding the types of actual damages suffered by plaintiffs, the court finds that the petition is not dispositive as to whether $75,000 is in controversy. Accordingly, the court will determine whether any underlying facts are stated in the notice of removal that support the requisite amount in controversy.

The material matters added by the notice of removal are, first, that "[c]ounsel for defendants have a good faith belief that Plaintiffs are seeking an amount in excess of $75,000.00," and second, that "Plaintiffs have submitted to Defendants photographs of scarring on Plaintiff Shirlynn Williams that Plaintiffs contend is related to the incident described in the Petition." (Doc. no. 12, ¶ 4.) As to the first statement, the court finds that defendants' good faith belief that plaintiffs are seeking $75,000 does not satisfy the requirement of Laughlin which demands underlying *facts* in support of the amount in controversy. With regard to the second statement, the court finds that the existence of photographs of Ms. Williams' scars, and the fact that the source of the photographs is the plaintiffs, are facts that add no further support to defendants' contention that $75,000 is in controversy here. (Photos could just as easily show negligible scars as severe scars.)

In Laughlin, the court found that "[n]either Laughlin's petition nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case." Laughlin, 50 F.3d at 873. Based on this holding, Martin, 251 F.3d at 1291, n.4, states: "it is arguable, given our holding in Laughlin, that [the amounts set out in defendants'

-4-

economic analysis included in materials prepared after the motion for removal] should not have been considered by the district court" in determining whether the amount in controversy had been affirmatively established).   Thus, <u>Laughlin</u> states that "ordinarily" the jurisdictional amount is determined by the petition and the notice of removal, but it is unclear when a court may properly go outside the petition and the notice of removal for facts or evidence to support the removing parties' contention that the jurisdictional amount is in controversy.

To moot this issue, defendants have moved to amend their removal notice to include copies of the actual photographs already referenced in that notice.  Objecting to the motion to amend, plaintiffs point out that the cases cited by defendants in support of their amendment allow amendments to provide information regarding parties' states of citizenship. *See*, <u>Hendrix v. New Amsterdam Casualty Co.</u>, 390 F.2d 299 (10th Cir. 1968) (amendment allowed to show principal place of business of defendant and state of citizenship); <u>Mason v. Thompson</u>, 2006 WL 1134939, *3 (W.D. Okla. April 27, 2006) (under liberal amendment policy sanctioned by the Tenth Circuit in <u>Hendrix</u>, leave to amend notice of removal allowed to allege states of citizenship of various owners of limited liability company, and amendments to include states of incorporation and principal places of business).  These cases discuss the application of 28 U.S.C. §1653, which provides that "[d]efective allegations of jurisdiction may be amended...."  In concluding that amendment of the removal notice should be allowed, <u>Hendrix</u> reasons that to deny the proposed amendment would be "too grudging," would be "too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations," and would "tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts."  <u>Hendrix</u>, 390 F.2d at 301.

A brief digression is appropriate here.  A motion to amend a petition for removal is a matter addressed to the discretion of the court.  <u>Kinney v. Columbia Savings & Loan Ass'n</u>, 191 U.S. 78, 83 - 84 (1903), <u>Muhlenbeck v. KI, LLC</u>, 304 F.Supp.2d 797, 802 (E.D. Va. 2004).  As has been noted, the burden of demonstrating removability rests squarely on the removing party.  And as plaintiffs point out many times (to the point of petulance) in their papers, the party resisting removal is under no obligation to stipulate to any facts supporting removal.  The court cannot but note, however, that, as the Seventh Circuit has said, the determination of removability is not "a cat-and-mouse game."  <u>Oshana v. Coca-Cola Co.</u> 472 F.3d 506, 512 (7th Cir. 2006), *cert. denied*, 127 S.Ct. 2952 (2007).  In the matter at bar, plaintiffs' counsels' communications with defendants' counsel plainly demonstrate a desire to play cat and mouse.  Plaintiff's counsel have assiduously avoided saying anything other than that the "Oklahoma pleading code requires that we state only that we seek in excess of $10,000."  Exhibit 2 to Defendants' Brief in Opposition to Plaintiffs' Motion to Remand (doc. no. 13).  This approach on the part of plaintiffs' counsel surely is relevant to the court's discretionary determination as to whether to permit defendants to amend the notice, to the end that the facts, and not gamesmanship, will be decisive.

Turning to the motion to amend, the court notes that amending a notice of removal to include the content of photos offered to show the nature and severity of a plaintiff's scars is arguably a more substantive amendment than an amendment offered to correct or clarify a state of citizenship.  However, there are factors suggesting the court should allow the proposed amendment here.  For example, the photographs are already referenced in the notice of removal.  The photographs were provided to defendants by the plaintiffs, making it obvious that plaintiffs rely on the photos as proof of damages.  The petition includes rather detailed allegations regarding "serious

burns" to plaintiff's "arms and face and other parts of her body."  The existence of burns to these parts of Shirlynn Williams' body is confirmed by the content of the photographs.  Finally, defendants did not seek to amend the removal notice to include matters not already referenced in the petition or in the notice of removal (such as medical bills, or Mr. Clark's affidavit stating plaintiffs refused to stipulate that $75,000 or less was sought in this action).  Presumably, defendants were assiduously attempting to avoid any argument that their proposed amendment adds a new ground for removal.[2]

Considering all of the circumstances, the court finds that to disallow the proposed amendment of the removal notice here, while simultaneously excluding the content of the photographs from the court's consideration, would be too "grudging" and would put "legal flaw-picking" over substance.  Accordingly, defendants' motion to amend is **GRANTED**.  The photographs are deemed incorporated in the original notice of removal.

With this amendment, the court moves on to consider the effect of the photographs' subject matter on the question of whether defendants have affirmatively shown the jurisdictional amount to be in issue.

The photographs show a variety of disfiguring burns to a number of parts of plaintiff's body including plaintiff's face and hands.  Although the notice of removal includes no economic analysis of these scars, the content of the photos constitutes an affirmative showing by at least a preponderance of the evidence that an amount over $75,000 is in controversy.  In reaching this conclusion, the court considers not only

---

[2]In reaching the determinations stated in this order, the court does not consider these other matters. (See new matters at doc. no. 13, ex. nos. 1, 2.)  Alternatively, the court finds that if it were to consider these matters, they further support the finding that defendants have affirmatively shown the jurisdictional amount to be in controversy.

the underlying facts stated in, or shown by, the amended notice of removal; it also considers the facts and damages claims alleged in the petition.

Accordingly, after careful consideration, plaintiffs' motion to remand is **DENIED**. Having found that the removal was proper, the court also denies plaintiffs' request for an award of its attorneys' fees incurred in seeking remand.

Dated this 9th day of June, 2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0303p002(pub).wpd